UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JASON WIDMER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . CIVIL ACTION

VERSUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . No. 21-381

WALTER T. SMITH, ET AL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . SECTION I

### ORDER AND REASONS

Before the Court is plaintiff Jason Widmer's "motion for counsel to be entitled to verbal voir dire for at least 45 minutes per attorney."[1] Widmer also seeks leave to submit a jury questionnaire to the jury venire in advance of formal voir dire.[2] Considering the motion, the memorandum and exhibits in support, the record, and the applicable law, the Court denies the motion.

### I.

"The district court has great latitude to conduct voir dire, including the form and scope of questioning." *United States v. Pratt*, 728 F.3d 463, 470 (5th Cir. 2013), *abrogated on other grounds by Molina-Martinez v. United States*, ___ U.S. ___, 136 S. Ct. 1338, 1347–48 (2016); *see also Darden v. Snow*, 849 Fed. App'x 100, 101 (5th Cir. 2021) ("A trial court enjoys broad discretion in how it selects a jury.") (citing *United States v. Landrón-Class*, 696 F.3d 62, 68 (5th Cir. 2012)). The Supreme Court has held that it is "not an abuse of discretion for the district court to question potential jurors unilaterally rather than permitting the lawyers to pose questions." *Pratt*, 728 F.3d at 471 (citing *Skilling v. United States*, 130 S.Ct. 2896, 2918, 2923 (2010)). The

---

[1] R. Doc. No. 14.
[2] *Id.*

Fifth Circuit has rejected the "contention that only a trial lawyer is capable of asking the sufficiently probing and nuanced questions to uncover bias." *Id*. at 472. "It is well established that voir dire is the district court's responsibility." *Id*. *See also* Fed. R. Civ. P. 47(a) ("The court may permit the parties or their attorneys to examine prospective jurors or may itself do so.").

In a civil case, the Court will conduct voir dire of the jury panel based in part on questions that counsel have submitted. After the Court conducts its voir dire, counsel will have an opportunity to submit follow up questions based on the potential jurors' responses. In addition, if any juror's response warrants a bench conference, the attorneys for all parties will be permitted to approach and participate in this additional interview. The Court will not impose any time constraints on the overall length of voir dire. The Court is satisfied that it can adequately address through this process any valid reasons that Widmer has for requesting the use of a jury questionnaire. *See, e.g.*, *United States v. Bonner*, No. 07-296, 2008 WL 149970, at *2 (N.D. Tex. Jan. 14, 2008) (denying defendant's motion for one-page juror questionnaire, even though government did not oppose the motion, because the court was satisfied that it could adequately address through the usual voir dire process any reasons for requesting use of jury questionnaire); *Sec. & Exch. Comm'n v. Cuban*, No. 08-2050, 2013 WL 4828260, at *2 (N.D. Tex. Sept. 10, 2013) (denying use of a written juror questionnaire and additional attorney voir dire).

## II.

Accordingly,

**IT IS ORDERED** that Widmer's motion for forty-five minutes of verbal voir dire by counsel and for leave to submit a jury questionnaire to the venire is **DENIED**.

**IT IS FURTHER ORDERED** that counsel may file written proposed voir dire questions, suggest additional voir dire questions at trial, and participate during the questioning of potential jurors called to the bench.

New Orleans, Louisiana, September 16, 2021.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**